UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK H. WEBER,

                              Petitioner,

              v.                                                                                  9:09-CV-174
                                                         (LEAD CASE)
WILLIAM HAGGETT, Superintendent,                                        9:09-CV-221
                                                         (MEMBER CASE)
                              Respondent.
_____

**APPEARANCES**                                           **OF COUNSEL**

**Frederick H. Weber**
c/o Sharon and Timothy Edwards
181 Lape Road
Nassau, New York 12123
Petitioner *pro se*

**OFFICE OF THE NEW YORK**            **THOMAS B. LITSKY, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Baxter's July 2, 2010 Report-Recommendation and Petitioner's objections thereto. *See* Dkt. Nos. 17, 21. In his very thorough sixty-eight page Report-Recommendation, Magistrate Judge Baxter exhaustively addressed each of Petitioner's arguments in support of his § 2254 habeas petition. *See generally* Dkt. No. 17.

      In his objections, Petitioner "beseeches this court [to] closely scrutinize the record in this case . . . [and] beg[s] [the court to] review" the following issues: (1) appellate counsel's failure to

raise "[t]he police and prosecutor's collusion in executing an unauthorized subpoena to procure 'evidence' which was used at petitioner's trial," (2) "[t]he prosecutor's withholding of Brady material from the defendant at both trials in the form of the Child Protective Services Report exonerating the petitioner of similar accusations made against him concerning his own children . . . . [and] [c]ounsel['s] fail[ure] to obtain the Report or call the investigators from CPS as witnesses," (3) the trial court's denial of a "pre-trial 'taint' hearing regarding the "[i]nvestigators and police us[ing] overbearing and coercive techniques in interviewing the (alleged) minor victims to obtain their desired statements and surreptitiously remov[ing] two of the children from school without the knowledge and consent of their parents," (4) "[i]neffective Assistance of Trial Counsel (numerous instances)," (5) both trial courts' "improper[] exclu[sion of] polygraph evidence and testimony of the polygraph expert, denying the petitioner the right to confrontation and the right to present evidence in his defense," (6) [i]neffective Assistance of Appellate counsel," (7) "[t]he trial court's coercing of the jury to reach a unanimous verdict," (8) "[p]rosecutorial misconduct depriving the petitioner of a fair trial by repeated reference to uncharged crimes and purported victims not subjects of the indictment or trial," (9) "Petitioner's actual innocence," and (10) the second trial court's "improper[] and prejudicial[] allow[ance of] testimony of the petitioner to be impeached by the admission of the petitioner's conviction at the first (felony) trial two months previously[;] [b]oth trials stemming directly from an alleged continuous course of conduct." *See* Dkt. No. 21 at (unnumbered ) 2-4.

When a party files objections to a magistrate judge's report-recommendation, "the Court makes a 'de novo' determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *LeBron v. Armitage*, No. 9:08-CV-0508, 2011

WL 4566439, *1 (N.D.N.Y. Sept. 29, 2011) (quoting 28 U.S.C. § 636(b)(1)). However, "'even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'" *Walker v. Fischer*, No. 9:08-CV-1078, 2011 WL 4369096, *1 (N.D.N.Y. Sept. 19, 2011) (quoting *Machicote v. Ercole*, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)) (other citation omitted). Similarly, a party may not advance new theories that he could have, but did not, present to the magistrate judge in an attempt to obtain a second bite of the apple. *See id.* (citations and footnote omitted). Finally, the court reviews for clear error "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge[.]" *Id.* (citations omitted). After conducting the appropriate review, the Court may "'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" 28 U.S.C. § 636(b)(1).

With these standards in mind, the Court has reviewed Petitioner's objections and finds that, even under a *de novo* review, these objections have no merit. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's July 2, 2010 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 is **denied and dismissed**; and the Court further

**ORDERS** that no Certificate of Appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires.[1]

**IT IS SO ORDERED.**

Dated: January 30, 2012
    Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (citation omitted)).